# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MACKENZIE LEE GORRELL, | : Case No. 1:23-cv-428 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| JOHN DOE, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court following *pro se* Plaintiff's failure to respond to the Court's May 7, 2024 Show Cause Order. (Doc. #9).

Plaintiff, an Ohio prisoner, instituted this matter in July 2023. (Doc. #1). On October 30, 2023, after granting Plaintiff's Motion for leave to proceed *in forma pauperis* and conducting an initial review of the Complaint, the undersigned ordered Plaintiff to submit to the Court completed summons and U.S. Marshal forms for the current Warden of Southern Ohio Correctional Facility (SOCF), Cynthia Davis, within thirty (30) days.[2] (Doc. #6). Plaintiff did not comply with the Court's Order. On April 1, 2024, the undersigned again ordered Plaintiff to submit to the Court completed summons and U.S. Marshal forms for Warden Davis by May 3, 2024. (Doc. #8). Plaintiff was advised that failure to comply with the Court's Order may result in recommendation

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Plaintiff brought claims against Defendant John Doe One. The undersigned found that under the circumstances of this case, it is appropriate to permit service of the Complaint on a high-ranking official who could identify the John Doe defendant through discovery. The SOCF Warden is in a position to know or determine the identity of the correctional official Plaintiff has identified as John Doe One. *See* Doc. #6.

to the District Judge that this matter be dismissed for lack of prosecution. *Id.* Plaintiff did not submit the required forms.

On May 7, 2024, the undersigned ordered Plaintiff to show cause—not later than June 7, 2024—why the Court should not dismiss this case for failure to prosecute. (Doc. #9). Plaintiff could, in the alternative, submit to the Court completed summons and U.S. Marshal forms for SOCF Warden Cynthia Davis by June 7, 2024. *Id.* Plaintiff was advised that failure to comply with the Order to Show Cause may result in a Report and Recommendation to the District Judge that this matter be dismissed for lack of prosecution. *Id.* at 35 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)). Despite this warning, Plaintiff failed to respond to this Court's Order to Show Cause, and the time for doing has expired.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31; *see also Jourdan*, 951 F.2d at 109. Failure of a party to comply with a court order warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Here, Plaintiff was warned twice that if he failed to comply with the Court's Order, the undersigned would recommend that the case be dismissed. (Doc. #s 8-9). As he has failed to submit the forms or otherwise respond to the Court's Orders, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice for failure to prosecute.

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute;

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order

    adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997);

3. The case be terminated on the Court's docket.

June 12, 2024                 *s/Peter B. Silvain, Jr.*
                           Peter B. Silvain, Jr.
                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).